UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TERRENCE T. LAFAIVE,

          Plaintiff,

v.                                 Case No. 22-cv-1348-pp
                                     Appeal No. 23-2549

PETER M. WOLFF, *et al.*,

          Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 14) AND DENYING AS MOOT PLAINTIFF'S SECOND MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 18)**

---

        On December 31, 2022, the court issued an order dismissing this case and entered judgment. Dkt. Nos. 8, 9. The plaintiff filed a motion to amend judgment and the court denied that motion on July 17, 2023. Dkt. Nos. 10, 12. The plaintiff filed a notice of appeal on August 8, 2023. Dkt. No. 13. He has filed a motion for leave to proceed with his appeal without prepaying the appellate filing fee. Dkt. No. 14. (The plaintiff filed a second motion for leave to appeal without prepaying the appeal fee, dkt. no. 18, which the court will deny as moot.)

        Under the Prison Litigation Reform Act, an incarcerated person must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If the incarcerated person does not have the money to pay the $505 filing fee in advance for an appeal, he can request the court for permission to proceed without prepaying the fee. For the court to consider such a request, the

1

incarcerated person must complete a petition and affidavit and submit it to the court, along with a certified copy of his trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2). The court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

After the incarcerated person pays the initial fee, he must make monthly payments of twenty percent of the preceding month's income until he pays the filing fee in full. 28 U.S.C. §1915(b)(2). The agency that has custody of the person (the institution in which he is incarcerated) will collect the money and send payments to the court.

There are three grounds for denying an incarcerated appellant's request to proceed without prepaying the filing fee: the incarcerated person has not shown that he is indigent, he has filed the appeal in bad faith or he has three strikes. See 28 U.S.C. §§1915(a)(2)-(3), (g). The court finds that the plaintiff has established that he is indigent and that he has not accrued three strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith.

If the district court allowed a party to proceed without prepaying the filing fee in the district court, that party may proceed without prepaying the filing fee on appeal without further authorization, unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed without prepaying the fee. Fed. R. App. P.

2

Case 2:22-cv-01348-PP   Filed 08/23/23   Page 2 of 5   Document 20

24(a). See also Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999) (". . . a plaintiff who . . . was allowed to proceed *in forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith.").

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The court sees no indication that the plaintiff did not take this appeal in good faith. The court will grant his motion to proceed on appeal without prepaying the filing fee.

The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff must pay an initial partial filing fee of **$0.64**, as well as additional payments under 28 U.S.C. §1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd

on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

If the plaintiff does not have enough money in his regular trust account to pay the initial partial fee but does have enough money in his release account, the plaintiff is responsible for making arrangements with the authorities at the jail or prison to pay the balance of the initial partial filing fee from the release account. 28 U.S.C. §1915(b)(1) suggests, however, that an incarcerated person may use release account funds to pay an initial partial filing fee only if he does not have enough money in his regular trust account. See Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005).

The court **GRANTS** the plaintiff's motion for leave to proceed on appeal without prepaying the filing fee. Dkt. No. 14.

The court **DENIES AS MOOT** the plaintiff's second motion for leave to proceed on appeal without prepaying the filing fee. Dkt. No. 18.

The court **ORDERS** that by the end of the day on **September 13, 2023** the plaintiff shall forward to the Clerk of Court the sum of **$0.64** as the initial partial filing fee for this appeal. If the clerk does not *receive* that amount by the end of the day on September 13, 2023, the court of appeals may dismiss the appeal. The plaintiff shall identify the payment by the case name and the district court and appellate case numbers.

The court will send a copy of this order to Stanley Correctional Institution, where the plaintiff is confined, and provide a copy to the PLRA

4

Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic filing system.

The court **ORDERS** that after the plaintiff has paid the initial filing fee, the agency having custody of the plaintiff must collect from his institution trust account the **$504.36** balance of the appeal fee by collecting monthly payments from the plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and appellate case number. If the plaintiff transfers to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

Dated in Milwaukee, Wisconsin this 23rd day of August, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**